UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBIN MCKINNISS ) <br> ) <br> Plaintiff ) <br> ) <br> vs. ) <br> ) <br> GC SERVICES, LP ) <br> ) <br> Defendant ) <br> ) | Case Number <br><br> CIVIL COMPLAINT <br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Robin McKinniss, by and through her undersigned counsel, Brent Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1.  Plaintiff, Robin McKinniss, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant transacts business in this District.

### III. PARTIES

4. Plaintiff, Robin McKinnis, is an adult natural person residing at 10529 Windfall Road, La Rue, Ohio 43332. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, GC Services, LP ("Defendant"), at all times relevant hereto, is and was a limited partnership engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the State of Ohio with its principal place of business located at 6330 Gulfton Street, Houston, TX 77081 and a registered office located at 116 Pine Street, Suite 320, Harrisburg, PA 17101.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. In or about early July, 2010, Plaintiff started to receive calls from Defendant's agent, "Mr. Giten", in regards to a debt allegedly owed on a Sears account.

8. Defendant's agent stated that Plaintiff owed approximately $1,167.00.

9. At that time, Plaintiff informed Defendant's agent, "Mr. Giten", that she had engaged the services of the law firm Persels & Associates, LLC and that she would prefer that he called them directly on this matter.

10. "Mr. Giten", stated that he would not call Persels and they would never work with any type of settlement company.

11. Around that same time, Plaintiff also began to receive calls to her place of employment from Defendant's agent.

12. Plaintiff informed Defendant's agent, "Mr. Giten", that he was not to call her work again

13. Defendant's agent shouted back that he could call the Plaintiff anywhere and anytime he wanted to.

14. Plaintiff ended the call.

15. Approximately a week later, Defendant's agent, "Mr. Giten", left a voice mail message at Plaintiff's home stating that if she did not call back and make a payment that he would be calling her office to speak with Brian and Jay.

16. Brian and Jay are Plaintiff's immediate bosses.

17. Plaintiff is unaware how Defendant's agent would know the names of her bosses.

18. Plaintiff has no personal knowledge of Defendant's agent contacting anyone else at her place of employment.

19. On or about July 26, 2010, Defendant's agent called Plaintiff in work again.

20. Defendant's agent, "Mr. Giten", asked Plaintiff if he could speak with Brian or with Jay but Plaintiff informed him that they were both were out of the office.

21. "Mr. Giten" then asked Plaintiff for Jay's direct number.

22. Plaintiff did not give out the number and ended the call.

23. Plaintiff then called Defendant's agent, "Mr. Giten", back and told him that he was not to call her at her place of employment and that he needed to call and work with Persels.

24. On or about August 4, 2010, Plaintiff received another call to her place of employment.

25. Plaintiff again reminded the agent that he was not supposed to be calling her in work.

26. Defendant's agent told the Plaintiff that she needed to straighten something out with him and that he will continue to call her anywhere to get this debt paid.

27. "Mr. Giten" then threatened that he would call the next day August 5, 2010, at 9:00 am and that she had better have an answer for him on getting this account paid.

28. Defendant's agent, "Mr. Giten", did not call on August 5, 2010 as he had warned the Plaintiff, but called again on August 9, 2010 again demanding to know when they would be paid.

29. Plaintiff received an additional call to her place of employment August 10, 2010 from Defendant's agent, "Mr. Giten".

30. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

31. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and

their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

32. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

33. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

34. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – FDCPA

35. The above paragraphs are hereby incorporated herein by reference.

36. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

37. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(1): | At any unusual time, unusual place, or unusual time and place known to be inconvenient to the consumer |
| §§ 1692c(a)(2): | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |
| §§ 1692c(a)(3): | At place of employment when knows that the employer prohibits such communication |
| §§ 1692d; | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, GC Services, LP, for the following:

   a.   Actual damages;

   b.   Statutory damages pursuant to 15 U.S.C. § 1692k;

   c.   Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.  Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

                                                 **Respectfully submitted,**

                                                 **WARREN & VULLINGS, LLP**

**Date: August 10, 2010**                   **BY:**    */s/ Brent F. Vullings*
                                                        Brent F. Vullings, Esquire

                                                 Warren & Vullings, LLP
                                                 1603 Rhawn Street
                                                 Philadelphia, PA  19111
                                                 215-745-9800   Fax 215-745-7880
                                                 Attorney for Plaintiff